NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1887.

MATTER OF LAWRENCE.

*In the matter of the estate of* WILLIAM S. LAWRENCE,
*deceased.*

A Surrogate's court has no authority to make an order requiring a testa-
mentary trustee to give a bond, although a breach of trust may have
been committed, unless the complainant demonstrates the existence of
circumstances which would justify a demand of security from an exec-
utor (Code Civ. Pro., § 2815).

APPLICATION for order compelling testamentary trus-
tee to file official bond.

ALEXANDER & GREEN, *for trustee.*

THE SURROGATE.—This is an application for an order
requiring the testamentary trustee under the will of
William Lawrence deceased to give security for the
due performance of his trust. The proceeding is
brought by Isaac Lawrence, to whose use for life the
testator's will directs the application of one tenth of
his residuary estate.

The will was admitted to probate in February,
1865; in October, 1867, the accounts of its executor
were judicially settled and determined, and since that
date the respondent has been chargeable, in his capac-
ity as trustee, for the funds of the estate in his
hands. In December, 1886, this petitioner applied for

an order directing the respondent as such trustee to account. Such proceedings have since been had that the trustee has filed his account, and has also filed a "statement" setting forth that, in the year 1872, he *invested* the trust funds held by him in certain railroad bonds guaranteed by the Pennsylvania Railroad Co.; that this guaranty was soon afterwards repudiated; that the bonds thereupon became well nigh worthless; that he (the respondent) has ever since "assumed the entire burden of the loss, and has treated the estate as cash in his own hands, and has continued to pay interest thereon at the legal rate." In this so called "statement," the trustee declares his ability and willingness, upon reasonable notice, "either to invest a sum representing the *corpus* of the estate in bonds and mortgages or in such other securities as the Surrogate may order, or to turn over the amount in cash to such person as may be appointed his successor."

By the present proceeding, the petitioner does not ask for the removal of this trustee for breach of trust, but merely asked for an order directing him to file a bond. Now I cannot, within the limitations of § 2815 of the Code of Civil Procedure, grant the relief here asked, upon the grounds alleged in the petitioner's application. Section 2815 expressly declares that an order to file a bond may be made in cases "where a person named as executor can entitle himself to letters testamentary by giving a bond, *but not otherwise.*" The cases thus referred to are specified in § 2638 of the Code. They are cases where the applicant for letters is a non-resident of the State, or

" where his circumstances are such that they do not afford adequate security . . . . for the due administration of the estate." There is nothing in the allegations of this petition to show that the case at bar is within either of these categories.

Application denied.